JOHN CHANGAS and Others, Plaintiffs, *v.* C. & W. CONSTRUCTION COMPANY, INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, March 12, 1935.

*Monroe Weill,* for the plaintiffs.

*I. J. Beaudrias* [*Jerome Beaudrias* of counsel], for the defendant C. & W. Construction Company, Inc.

*Robert L. Levinson,* for the defendant George C. Lacios.

BOYLAN, J. The plaintiffs sue for wages. They were employed by defendant George C. Lacios as painters. The amount to which each is separately entitled is less than the sum of $100. The amount to which they are entitled collectively is far in excess thereof. If each sued separately he would be entitled to execution against the person of the defendant Lacios. (Mun. Ct. Code, § 139.) The question is whether the plaintiffs are entitled to the same remedy, having joined in one action.

The material part of section 139 of the Municipal Court Code reads as follows: " In an action by a journeyman, laborer, salesman, or other employee whose employment answers to the general description of wage earner, for services rendered or remuneration earned, whether such remuneration be described as wages, salary, commission or otherwise, if the plaintiff recovers a judgment for a

sum not exceeding one hundred dollars, exclusive of costs, and the action was brought within three months after the cause of action accrued, no property of the defendant is exempt from levy and sale on execution; and if the execution is returned wholly or partly unsatisfied, the clerk must, upon the application of the plaintiff, issue an execution against the person of the defendant for the sum remaining uncollected."

This section must be read in connection with section 209 of the Civil Practice Act, the material part of which reads as follows: " All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise."

The Legislature, therefore, gave these plaintiffs the right to join in one action and having done so they cannot be deemed to have waived their right to an execution against the person of the defendant to which they would have undoubtedly been entitled had they sued separately.

The defendant C. & W. Construction Co., Inc., was the general contractor. The defendant Lacios was a subcontractor who employed the plaintiffs. The complaint is dismissed as against defendant C. & W. Construction Co., Inc., on the ground that no contractual relationship exists between it and the plaintiffs or any of them.

The plaintiffs are entitled to execution against the person of the defendant Lacios.